UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSE BALDERON CALDERON,<br><br>   Defendant. | No. 1:10-cr-323-JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. 124) |

Jose Balderon Calderon[1] moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 124.) Balderon Calderon was appointed counsel for this motion, and counsel declined to file a supplement. (Doc. 133.) Balderon Calderon's motion essentially argues that his sentence should be reduced because he has demonstrated rehabilitation. The government opposes the motion. (Doc. 140). For the reasons explained below, Balderon Calderon's motion is **DENIED**.

**BACKGROUND**

In 2011, Jose Balderon Calderon pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) ("Count One"), as well as carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.

---

[1] "Jose Balderon Calderon" is also known as "Jose Mendoza-Valencia"; the latter name sometimes appears on the docket or in documents, including Balderon Calderon's plea agreement. (*See* Doc. 55, Plea Agreement.)

1

§ 924(c)(1)(A)(i) ("Count Two"). (Docs. 55, 56, 57.) He was sentenced on November 4, 2011 to 188 months on Count One and 60 months for Count Two, to run consecutively, totaling a sentence of 248 months. (Doc. 82.) In 2016, Balderon Calderon's sentence as to Count One was reduced by stipulation, pursuant to Amendment 782 of the Sentencing Guidelines, to 151 months. (Docs. 122, 123.) Balderon Calderon is currently serving his 211-month sentence at Petersburg Low FCI and is scheduled for release in July 2025. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited June 15, 2023).

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA") imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf[2] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that –
> (i)  extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant

---

[2] If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A).

>is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).

The policy statement with respect to compassionate release in the U.S. Sentencing Guidelines sets out criteria and circumstances describing "extraordinary and compelling reasons." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13;[3] *see also United States v. Gonzalez*, 451 F. Supp. 3d 1194, 1197 (E.D. Wash. 2020) (noting that courts "universally" rely on U.S.S.G. § 1B1.13 to define "extraordinary and compelling reasons," even though that policy statement was issued before Congress passed the FSA and authorized defendants to file compassionate release motions). However, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). "In other words, the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* The Ninth Circuit clarified that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). Finally, a defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

## ANALYSIS

To qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a court must consider three requirements:

>First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary

---

[3] The Sentencing Guidelines also require that to be granted a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), the defendant must not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

3

> and compelling reasons warrant such a reduction" and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Third, the district court must also consider "the factors set forth in Section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (C.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, 16-CR-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *Parker*, 461 F. Supp. 3d at 973–74; *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in §3553(a)).

### A.     Administrative Exhaustion

Pursuant to 18 U.S.C. § 3582(c)(1), an inmate may only file a motion for sentence reduction after the Bureau of Prisons denied his request or after 30 days have passed since BOP received his request. It is unclear whether Balderon Calderon properly exhausted his administrative remedies in this case. Balderon Calderon attached to his reply brief a request for administrative relief, addressed to the Warden of his facility and dated in July 2020. (Doc. 143 at 11–13.) The request is stamped as "received" as of "August 06", but the government contends that BOP has no records of this request. (Doc. 140 at 9–10.) The Court need not definitively resolve the conflict as to whether Balderon Calderon properly exhausted his administrative remedies, because his motion fails substantively on other grounds.

### B.     Extraordinary and Compelling Reasons

Balderon Calderon argues that he should be released because he "has completed many education courses," "has no gang affiliation or disciplinary history," and he does not pose a danger if released. (Doc. 124 at 2.) Balderon Calderon's motion also details changes made to 18 U.S.C. § 924(c) by the 2018 First Step Act. (Doc. 124 at 3.) Specifically, Balderon Calderon notes that the First Step Act eliminated the "stacking" of § 924(c) charges, wherein a defendant convicted of multiple § 924(c) charges at the same time was subject to higher mandatory minimum penalties for each subsequent § 924(c) count. (Doc. 124 at 6–9.) Balderon Calderon is correct that this aspect of the First Step Act drastically changed the sentences applicable to many defendants facing multiple § 924(c) counts, and courts have reduced some pre-FSA sentences as a

4

result. However, these changes to "stacked" § 924(c) counts are not applicable to Balderon Calderon, who pled guilty to only one § 924(c) charge.

Balderon Calderon's motion also summarizes cases in which a defendant's rehabilitation was found to be a factor in support of his release. (Doc. 124 at 10–16.) However, Balderon Calderon offers very little detail as to his own rehabilitation, and he offers no additional justification for relief. Even assuming that Balderon Calderon had established a record of rehabilitation, rehabilitation alone cannot justify relief under § 3582. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, cmt. n.3. Balderon Calderon has not demonstrated that there are extraordinary and compelling reasons for relief under § 3582.

## C.     § 3553(a) Factors

Because the Court concludes that Balderon Calderon's request is not supported by "extraordinary and compelling" reasons, the Court need not reach the § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.").

## CONCLUSION

For the reasons discussed above, Balderon Calderon's motion for compassionate release (Doc. 124) is **DENIED**.

IT IS SO ORDERED.

Dated:     **June 19, 2023**

UNITED STATES DISTRICT JUDGE

5